

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00074-CR

Deundra Michelle **WILLIAMS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 277th Judicial District Court, Williamson County, Texas
Trial Court No. 10-916-K277
Honorable Ken Anderson, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:   October 16, 2013

AFFIRMED; MOTION TO WITHDRAW GRANTED

Deundra Michelle Williams pled guilty to theft (enhanced) and received deferred adjudication community supervision for a term of four years on August 18, 2010.  On February 29, 2012, the State filed a motion to adjudicate guilt and revoke her community supervision alleging several violations of the community supervision conditions.  The trial court continued Williams on deferred adjudication community supervision, but modified the conditions of community supervision to include a period of twenty days' confinement in jail.  A few months later, the State filed another motion, and an amended motion, to adjudicate guilt and revoke

community supervision alleging that Williams violated Condition No. 4 by having contact with Eric Palmer, a disreputable or harmful person, on July 21, 2011 and August 1, 2011, violated Condition No. 10 by failing to make the required $20 monthly payment, violated Condition No. 11 by failing to pay the $60 monthly supervisory fee, violated Condition No. 13 by failing to perform the community service restitution hours, and violated Condition No. 19 by being present in a Wal-Mart store on July 21, 2011. Williams pled "not true" to the alleged violations. After an evidentiary hearing, the trial court found that Williams violated several conditions of her community supervision, including Condition No. 19. The court adjudicated Williams guilty and revoked her community supervision. The court sentenced Williams to six months' imprisonment in a state jail facility, and assessed $50 in court costs. Williams now appeals. We affirm the trial court's judgment.

Williams' court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw. In the brief, counsel raises no arguable appellate issues, and concludes this appeal is frivolous and without merit. The brief meets the *Anders* requirements. *See id*.; *see also High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). As required, counsel provided Williams with a copy of the brief and motion to withdraw, and informed her of her right to review the record and file her own *pro se* brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Williams did not file a *pro se* brief.

After reviewing the record and counsel's brief, we conclude there is no reversible error and agree with counsel that the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, the judgment of the trial court is affirmed. *See id.*

Appellate counsel's motion to withdraw is granted. *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should Williams wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* Tex. R. App. P. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 68.4.

Rebeca C. Martinez, Justice

DO NOT PUBLISH